UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

LAZARO LIVEY RAMIREZ ESPINOSA,
as next friend of DEINIER MARTINEZ
ESPINOSA,

           Petitioner,

v.

           Case No. 3:26-cv-149-JEP-MCR

WARDEN, BAKER CORRECTIONAL
INSTITUTE, et al.,

           Respondents.

_____

## **ORDER**

This cause is before the Court on a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241, filed by Lazaro Livey Ramirez Espinosa ("Ramirez Espinosa"), as brother and next friend of Deinier Martinez Espinosa ("Espinosa"), who is being detained by Immigration and Customs Enforcement at the Baker County Correctional Institution. (Docs. 1, 1-3).

An "[a]pplication for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf." 28 U.S.C. § 2242. The latter part of this provision codifies the common law tradition of permitting a "next friend" to litigate on behalf of a person who, because of incompetence, is unable to initiate a habeas action

himself. *See Whitmore v. Arkansas*, 495 U.S. 149, 162 (1990). However, "'[n]ext friend' standing is by no means granted automatically . . . ." *Id.* at 163. To demonstrate "next friend" status is warranted, the would-be next friend must (1) provide an adequate explanation for the necessity of the designation, such as the real party's mental incompetence or lack of access to the courts, and (2) show he is "truly dedicated to the interests" of the real party. *Id.* "The burden is on the 'next friend' clearly to establish the propriety of his status and thereby justify the jurisdiction of the court." *Id.* at 164.

Ramirez Espinosa has failed to make that showing. First, there is no indication that Espinosa is mentally incompetent or that he has been denied access to the courts. Ramirez Espinosa's statement that his brother "lacks the ability to personally access the federal court system" because he is being held "in a secure immigration detention facility," Doc. 1-3, is insufficient to adequately demonstrate lack of access to the courts. Similarly, Ramirez Espinosa's conclusory statement that he is "truly dedicated to [his] brother's best interest," *id.*, is also insufficient to demonstrate the propriety of "next friend" status. As such, Ramirez Espinosa lacks standing to initiate this action on Espinosa's behalf. *See Francis v. Warden, FCC Coleman-USP*, 246 F. App'x 621, 622 (11th Cir. 2007)[1] ("Absent 'next friend' status, an individual lacks

---

[1] Any unpublished opinions are cited as persuasive authority. *See McNamara v. GEICO*, 30 F.4th 1055, 1060–61 (11th Cir. 2022).

Article III standing to file a petition on another's behalf, thus stripping the district court of jurisdiction to consider the petition."); *Weber v. Garza*, 570 F.2d 511, 514 (5th Cir. 1978)[2] ("[W]hen the application for habeas corpus filed by a would be 'next friend' does not set forth an adequate reason or explanation of the necessity for resort to the 'next friend' device, the court is without jurisdiction to consider the petition.").

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1.      This case is **DISMISSED without prejudice**.

2.      The Clerk shall enter judgment dismissing this case without prejudice, terminate any pending motions as moot, and close the file.

3.      If Ramirez Espinosa appeals this Order, the Court denies a certificate of appealability.[3] Because the Court has determined that a certificate of appealability is not warranted, the Clerk shall terminate from the

---

[2] All Fifth Circuit decisions entered before October 1, 1981 were adopted by the Eleventh Circuit as binding precedent. *Bonner v. Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

[3] The court should issue a certificate of appealability only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" *Miller–El v. Cockrell*, 537 U.S. 322, 335–36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). Upon consideration of the record as a whole, this Court denies a certificate of appealability.

pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** in Jacksonville, Florida, on January 28, 2026.

_____
JORDAN E. PRATT
UNITED STATES DISTRICT JUDGE

Jax-11
c:
Deinier Martinez Espinosa, #240-617-080

4